### MADISON v. BAKER et ux.

#### No. 10329.

Court of Civil Appeals of Texas. San Antonio.

June 8, 1938.

Rehearing Denied July 20, 1938.

Jones & Jones and A. Morales, Jr., all of Del Rio, for appellant.

A. E. Owens, of Alpine, Phil B. Foster, of Del Rio, and Dorsey B. Hardeman, of San Angelo, for appellees.

SMITH, Chief Justice.

A. Madison brought this action in trespass to try title to recover of George W. Baker and wife the title and possession of Survey 108, Block D–7, Cert.1682, E. L. and R. R. Ry. Co., in Val Verde County, and, in a supplemental petition, sought to recover the value of improvements alleged to be on said premises.

In their trial answer the Bakers pleaded not guilty, "save and except" to disclaim any title, etc., in said survey 108; and, further, "that, as to the improvements alleged by plaintiff to be situated in said Section 108, these defendants deny each and every allegations in plaintiff's petition contained and as to their location and, in particular, deny the allegations in paragraph 3, of plaintiff's original petition and demand strict proof thereof, and say that said improvements are located on Section 107, Block D–7, E. L. & R. R. Ry Co. lands in Val Verde County, Texas, which Section 107 is owned by these defendants in fee simple, together with said improvements."

At the conclusion of plaintiff's evidence the trial court granted defendants' motion for instructed verdict, and rendered judgment decreeing title to Survey 108 to Madison, on Bakers' disclaimer, but denied all other relief sought by either party. Madison has appealed. The parties will be designated as plaintiff and defendants, respectively, as in the trial court.

■ The parties seem to agree that the suit was resolved into a dispute as to the true boundary line between Survey 108, owned by plaintiff, and Survey 107, owned by defendants, but the trial judge decreed no settlement of the issue, except to deny recovery to plaintiff thereon, apparently upon the theory, and an implied finding, that the evidence was insufficient to warrant a decree of boundary.

In this the court did not err. The evidence to show a boundary dispute or to settle it if it exists, was too vague, indefinite, unintelligible and incomplete to

934

warrant an adjudication of such issue, and the trial court could do no more than render judgment, as it did, upon defendants' disclaimer of title to the survey claimed by plaintiff in his petition.

█ Plaintiff complains because the trial court adjudged the costs against him, but that action does not involve an abuse of discretion.

█ The judgment is affirmed, without prejudice to the rights of the parties to a future adjudication of the questions of boundary and improvements in good faith.